DELBERT J. WELLER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Weller v. Commissioner
Docket No. 7791-91
United States Tax Court
T.C. Memo 1992-64; 1992 Tax Ct. Memo LEXIS 69; 63 T.C.M. (CCH) 1974; T.C.M. (RIA) 92064; February 3, 1992, Filed *69 An appropriate order and decision will be entered for respondent. Delbert J. Weller, pro se. Paul Colleran, for respondent. WRIGHT
WRIGHT
MEMORANDUM OPINION WRIGHT, Judge: This case is presently before the Court on respondent's motion to dismiss for failure to state a claim upon which relief can be granted filed on July 22, 1991, pursuant to Rule 40. [1] Respondent further requests this Court to require that a penalty be paid by petitioner to the United States in an appropriate amount pursuant to section 6673. Respondent contends that petitioner instituted these proceedings primarily for the purpose of delay and/or petitioner's position in this case is frivolous or groundless. In respondent's deficiency notice he determined a deficiency in petitioner's Federal income tax for taxable year 1988 in the amount of $ 2,742, and an addition *70 to tax under section 6653(a)(1) of $ 137. Petitioner, Delbert J. Weller, resided in Cherryfield, Maine, at the time he filed the petition in this case. On his 1988 income tax return, petitioner claimed an $ 18,252 deduction and entitled the deduction "Pollock v. Farmers Loan". Apparently, petitioner was attempting to refer to the Supreme Court decision in , which held unconstitutional the income tax of 1894 as a direct tax without apportionment. The remaining amount of the income tax deficiency from the 1988 return was based on petitioner's failure to include a self-employment tax of $ 668. Rule 34(b) provides in pertinent part that the petition in a deficiency action shall contain "Clear and concise assignments of each and every error which the petitioner alleges to have been committed by the Commissioner in the determination of the deficiency or liability" and "Clear and concise lettered statements of the facts on which petitioner bases the assignments of error". No justiciable error has been alleged in the petition with respect to the Commissioner's deficiency determination or addition to tax, and *71 no facts in support of any such error are adduced therein. The absence in the petition of specific justiciable allegations of error and of supporting facts permits this Court to grant respondent's motion to dismiss for failure to state a claim upon which relief can be granted. Rule 123(b); ; ; . In this case, petitioner consumes his petition by advancing various constitutional arguments commonly utilized in tax protester cases. It is clear beyond doubt that petitioner's arguments are frivolous. We have frequently recognized that petitions raising frivolous arguments merely add to the Court's caseload and require public expense for defense by the Commissioner and judicial resolution by this Court. See . In , affd. , this Court stated: It may be appropriate to note further that this Court has been flooded *72 with a large number of so-called tax protester cases in which thoroughly meritless issues have been raised in, at best, misguided reliance upon lofty principles. Such cases tend to disrupt the orderly conduct of serious litigation in this Court, and the issues raised therein are of the type that have been consistently decided against such protesters and their contentions often characterized as frivolous. The time has arrived when the Court should deal summarily and decisively with such cases without engaging in scholarly discussion of the issues or attempting to soothe the feelings of the petitioners by referring to the supposed "sincerity" of their wildly espoused positions.
Petitioner in this proceeding was also a petitioner in , which concerned deficiencies in petitioner's 1979, 1980, and 1981 taxable years. In that case, petitioner advanced several garden variety tax protester arguments, and this Court sustained the Commissioner's determinations and stated: Similar legal garbage has been presented to this Court in other tax protester cases, uniformly resulting in decisions against the protesters. The matter *73 does not deserve any further comment or consideration here. The Commissioner's determinations of deficiencies in income tax are sustained.
The constitutionality of the Federal income tax laws has been upheld on too many occasions for us presently to rethink the underlying validity thereof. See ; ; , affd. in an unpublished opinion . The document filed in this case as a petition is not in conformance with this Court's Rules of Practice and Procedure and fails to state a claim upon which we can grant any relief. The absence in the petition of specific justiciable allegations of error and of supporting facts permits this Court to grant respondent's motion. Rule 123(b). Therefore, we must and do sustain respondent's determination which disallowed petitioner's deduction and imposed a self-employment tax. Section 6653(a)(1) provides for a 5-percent addition to tax in respect of an underpayment of tax when such underpayment is "due to *74 negligence or disregard of rules or regulations". Petitioner did not allege any justiciable error in his petition regarding the section 6653(a)(1) addition to tax and made only frivolous constitutional arguments. Accordingly, we sustain the Commissioner's determination of the section 6653(a)(1) addition to tax. Section 6673 provides that whenever it appears to this Court that proceedings have been instituted by the taxpayer primarily for delay, or a taxpayer's position is frivolous or groundless, we may require the taxpayer's position is frivolous or groundless, we may require the taxpayer to a pay a penalty to the United States not in excess of $ 25,000. Petitioner was subjected to a section 6673 penalty of $ 5,000 once before in Therefore, petitioner was fully apprised that such frivolous and groundless arguments have repeatedly been rejected by this Court. It is apparent that petitioner filed this petition as a protest to paying income taxes. Such an action falls within the ambit of section 6673. Accordingly, we will require petitioner to pay a penalty in the amount of $ 5,000 to the United States. An appropriate *75 order and decision will be entered for respondent. Footnotes
1. All Rule references herein are to the Tax Court Rules of Practice and Procedure. All section references are to the Internal Revenue Code of 1954 in effect for the year in issue.↩